UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH
www.flsb.uscourts.gov

IN RE:

OCEAN VIEW INT'L REALTY INC                         CASE NO. 11-15210-RAM
                                                    CHAPTER 7

Debtor(s)_____/

## SUMMARY OF FINAL FEE APPLICATION OF
## ACCOUNTANT FOR CHAPTER 7 TRUSTEE

1. Name of applicant: ...............................................................................Marcum LLP
2. Role of applicant: ........................................................................ Accountant for Trustee
3. Name of certifying professional:............................................................Barry E. Mukamal
4. Date case filed: ...........................................................................February 28, 2011
5. Date of application for employment:.............................................................August 9, 2011
6. Date of order approving employment: ..........................................................August 9, 2011
7. If debtor's counsel, date of Disclosure of Compensation form:.......................................N/A
8. Date of this application: ........................................................................December 24, 2013
9. Dates of services covered:..................................September 21, 2011 – Decembre 24, 2013
10. If Chapter 7, amount Trustee has on hand..........................................................$4,008.55

    **Fees...**
11. Total fee requested for this period (from Exhibit 1): .........................................$15,859.50
11.5 Less: Voluntary Fee Reduction ................................................................$13,859.50
12. Balance remaining in fee retainer account, not yet awarded: .........................................$0.00
13. Fees paid or advanced for this period, by other sources: .............................................$0.00
14. **Net amount of fee requested for this period: ......................................................$2,000.00**

    **Expenses...**
15. Total expense reimbursement requested for this period: ............................................$14.56
16. Balance remaining in expense retainer account, not yet received: ................................$0.00
17. Expenses paid or advanced for this period, by other sources: .....................................$0.00
18. **Net amount of expense reimbursements requested for this period:.......................$14.56**
19. Gross award requested for this period (#11 + #15):.............................................$2,014.56
20. **Net award requested for this period (#14 + #18):..............................................$2,014.56**
21. If <u>Final</u> Fee Application, amounts of net awards requested
    in interim applications but <u>not previously awarded</u>
    (Total from History of Fees and Expenses, following pages):......................................**$0.00**
22. **Total fee and expense award requested (#21 + #22): ..........................................$2,014.56**

## History of Fees and Expenses

First Interim Fee Application

1. Dates, sources, and amounts of retainers received: ..................................................................N/A
2. Dates, sources, and amounts of third party payments received: ............................................N/A
3. Interim Fee Application dates of service: ...............................................................................N/A
4. Date of first award: ..................................................................................................................N/A
5. Fees requested from Interim Fee Application: ........................................................................N/A
6. Fees awarded: ..........................................................................................................................N/A
7. Holdback: .................................................................................................................................N/A
8. Expenses requested from Interim Fee Application: ................................................................N/A
9. Expenses awarded:....................................................................................................................N/A
10. Holdback: ...............................................................................................................................N/A
11. Amount of fees actually paid: ................................................................................................N/A
12. Amount of expenses actually paid: ........................................................................................N/A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH
www.flsb.uscourts.gov

IN RE:

OCEAN VIEW INT'L REALTY INC                    CASE NO. 11-15210-RAM
                                               CHAPTER 7

Debtor(s)_____/

## SUMMARY OF FINAL FEE APPLICATION OF
## ACCOUNTANT FOR CHAPTER 7 TRUSTEE

COMES NOW Barry E. Mukamal, CPA, of Marcum LLP, ("Marcum"), and files this Final Application for Compensation of fees for services rendered and costs incurred in the Ocean View Int'l Realty Inc ("Debtor") Chapter 7 proceedings. This application is filed pursuant to 11 U.S.C. subsection 330 and Rule 2016, Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 216(B). The exhibits attached to this application, pursuant to the Guidelines, are: Exhibits "1-A" and "1-B" – Summary of Professional and Paraprofessional Time. Exhibit "2" – Summary of Requested Reimbursements of Expenses. Exhibit "3" – The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

The applicant believes that the requested fee, of **$15,859.50 less a voluntary reduction of $13,859.40 for a net fee of $2,000.00** for **69.23** hours worked, is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), as follows:

1.      Marcum LLP was appointed to represent Barry E. Mukamal, Chapter 7 Trustee, in connection with these cases pursuant to an order entered by this Court on April 6, 2011. The

services rendered on behalf of the Trustee have been performed by John E. Heller, and/or members of his staff consisting of Cheryl Rawson, Senior Manager; Kathy Foster, Manager; Phaedra Xanthos, Supervisor; Lisa Owens and Lupe Arce-Solorzano, Associates; and Janice Murray, Paraprofessional.

2. The Applicant makes this Application for final compensation for professional services rendered in accordance with the above-mentioned employment. This application covers fees for services performed from September 21, 2011 through November 27, 2013. All services for which compensation is requested were performed for the benefit of the Debtor's Estate.

3. No compensation has been or will be shared with any person or party, other than among principals and regular associates of the Applicant. No agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered or in connection with this case.

## CASE STATUS

4. On February 28, 2011, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. Barry E. Mukamal ("Trustee") was appointed the Chapter 7 Trustee of the Debtors estate. The Trustee currently has cash on hand in the amount of approximately $4,008.55.

5. Amounts Involved and the Result Obtained. While performing his duties, Applicant has been involved in many aspects of this case. In particular, the Applicant has rendered consulting services to the Trustee in the following categories.

Accounting & Audit

Applicant has rendered **2.9** hours amounting to **$866.50** for services related to the review of case status with Trustee and Trustee's Staff.

Analyze Assets & Liabilities

Applicant has rendered **13.7** hours amounting to **$2,877.00** for services related to the analysis of assets and liabilities.

Case Administration

Applicant has rendered **5.3** hours amounting to **$964.50** for services related to the preparation of letters and filing documents.

Fee Applications

Applicant has rendered **5.5** hours amounting to **$695.00** for services related to preparation of this Final Fee Application.

Litigation Consulting

Applicant has rendered **24.1** hours amounting to **$6,692.50** for services related to the review and litigation assistance with Trustee and Trustee's Counsel.

Preference & Fraudulent Transfer Analysis

Applicant has rendered **11.4** hours amounting to **$2,343.00** for services related to review and analysis of bank statements and general ledger in connection with preference and fraudulent transfers.

Tax Issues

Applicant has rendered 6.3 hours amounting to $1421.00 of tax service to the Trustee. Applicant prepared Extensions, Payroll Taxes, Final Forms 1120 and F-1120 Tax Returns

6.      Time and Labor Required.  The actual time records maintained by each principal, associate, senior and staff accountant, and/or paraprofessional performing services for the Trustee fully document the **69.2** hours expended by the Applicant in performing the professional services on behalf of the Trustee on this matter through November 27, 2013.  These time records do not reflect every hour expended in matters such as telephone calls, routine correspondence, brief conferences and responses to taxing authorities and creditors requesting information concerning the status of these proceedings.  The time records do reflect the majority of the time expended in performing the services rendered to the estate.  A summary of the time reports is attached hereto as **EXHIBIT 1A**.

7. <u>Skill Requisite to Perform the Accounting Services Properly</u>.  To perform the services and obtain the results previously enumerated above; the Applicant required substantial valuation skills, accounting skills, computer forensics skills, and experience in the bankruptcy arena.

8. <u>Preclusion of Other Employment by the Accountants Due to Acceptance of the Case</u>.  Applicant is aware of no other employment, which was precluded by the acceptance of this case.  Had Applicant not accepted this appointment, the time spent on this case would have been devoted to other clients paying substantially the same hourly compensation on a current basis.

9. <u>Customary Fee.</u>  Applicant is normally compensated on an hourly basis and customarily bills commercial clients on a monthly basis, based on hourly rates scaled from $40 per hour for paraprofessionals to $450 per hour for partners.

10. <u>Whether the Fee is Fixed or Contingent</u>.  As accountant for the Trustee, Applicant's compensation for handling this matter is entirely contingent on Court approval and subject to such award as this Court may allow.

11. <u>Experience, Reputation and Ability of the Accountant</u>.  Applicant is an established, experienced firm well known to this Court.  Applicant enjoys an excellent reputation and the individual accountants assigned to this case have demonstrated substantial ability and skill in the fields of accounting, forensic investigation, internal control, and taxation.

12. <u>Nature and Length of the Professional Relationship with the Client</u>.  The Applicant and/or his Firm have represented the Trustee in both Chapter 7 & 11 cases since 2004.

13. <u>Awards in Similar Cases</u>.  The amount prayed for by Applicant is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of the accountants.  The fees requested by the Applicant, computed at the rates indicated in **Exhibit 1A**, comport with the economic spirit of the Bankruptcy Code.

14. Applicant respectfully represents that the reasonable value of services rendered to the estate through November 27, 2013, taking into account the relevant factors summarized above, including without limitation the hours of recorded time expended, is not less than **$15,859.50** as illustrated by the **SUMMARY OF PROFESSIONAL AND PARAPROFESSIONAL TIME (Exhibit 1A)**, and reasonable costs of **$14.56** as further illustrated by the **SUMMARY OF REQUESTED REIMBURSEMENT OF EXPENSES AND DISBURSEMENTS (Exhibit 2).**

**WHEREFORE**, the Applicant moves the court for an award of compensation for services rendered as accountant to the Trustee for the period of time from September 21, 2011 through Decembre 24, 2013, in the amount of **$15,829.50 less a voluntary reduction of $13,859.50 for a net fee of $2,000.00,** costs in the amount of **$14.56,** and holdbacks in the amount of **$0.00,** and further that the Court authorize the prompt payment of the total fees and costs of **$2,014.56** to Applicant upon entry of an appropriate Order.

Certification

1. I have been designated by Marcum LLP (The "Applicant") as the professional with responsibility in this case for compliance with the current Mandatory Guidelines On Fees And Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3. To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5. Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.      In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.      In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8.      In seeking reimbursement for a service, which the Applicant justifiably purchased or contracted for, from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.      The trustee (if any), the examiner (if any), the chairperson of each official committee (if any), the debtor, the U.S. Trustee, and their respective counsel, will be mailed, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.     The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure: NONE

I HEREBY CERTIFY that the foregoing is true and correct.

|  |  |
|---|---|
| Dated:   Decembre 24, 2013 | s/John L. Heller<br>JOHN L. HELLER<br>Marcum LLP<br>One Southeast Third Ave., Tenth Floor<br>Miami, FL  33301<br>(305) 995-9600 (305) 995-9601 |

**11-15210-RAM Notice will be electronically mailed to:**

Christine E Bryce, Esq on behalf of Debtor Ocean View Int'l Ralty Inc.
cebrycebklaw@cs.com

Kenneth M Jones, Esq on behalf of Creditor Alejandro Matheus
kjones@moodyjones.com

Donna R Joseph, Esq on behalf of Creditor Oksana Piaseckyj

ecf@donnajoseph.com, donnajosephlaw@yahoo.com

Marian Kennady, Esq. on behalf of Creditor Wells Fargo Bank, N.A. f/k/a Wachovia Bank, N.A.
mkennady@cfclaw.com,
zsanchez@cfclaw.com;gwhite@cfclaw.com;rpuente@cfclaw.com;PMonsalvatge@cfclaw.com;jlorenzo@cfclaw.com;emartinez@cfclaw.com;nlamela@cfclaw.com;JMartorella@cfclaw.com;dmadrid@cfclaw.com;bviniegra@cfclaw.com;r

Ian J Kukoff, Esq on behalf of Creditor Great Eastern Bank of Florida
ian.kukoff@blaxgray.com, alexis.read@blaxgray.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Alexis S Read on behalf of Defendant Great Eastern Bank of Florida
alexis.read@blaxgray.com, read.assistant@blaxgray.com

Zach B Shelomith on behalf of Plaintiff Barry E. Mukamal
zshelomith@lslawfirm.net, apopowitz@lslawfirm.net;cderby@lslawfirm.net

Zach B Shelomith on behalf of Trustee Barry E Mukamal
zshelomith@lslawfirm.net, apopowitz@lslawfirm.net;cderby@lslawfirm.net

Susan E Trench on behalf of Creditor Tondria Gelman
setrench@arnstein.com, aesharp@arnstein.com

Susan E Trench on behalf of Creditor William Gelman
setrench@arnstein.com, aesharp@arnstein.com

**11-15210-RAM Notice will not be electronically mailed to:**

David A Netburn, Esq on behalf of Creditor Donna Council
9734 W Sample Rd
Coral Springs, FL 33065

**EXHIBIT 1A**

**Summary of Professional And
Paraprofessional Time**

**Professionals**

| Name: | Yrs. Exp Insolvency | Yrs. Exp Accounting | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|---|
| John L. Heller | 18 | 18 | 7.2 | 290.00 | 2,088.00 |
| John L. Heller | 18 | 18 | 14.8 | 305.00 | 4,514.00 |
| John L. Heller | 18 | 18 | 0.5 | 340.00 | 170.00 |
| Lisa Owens | 5 | 5 | 1.5 | 125.00 | 187.50 |
| Lisa Owens | 5 | 5 | 0.3 | 130.00 | 39.00 |
| Lupe Arce-Solorzano | 1 | 10 | 5.0 | 105.00 | 525.00 |
| Cheryl A. Rawson | 2 | 20 | 0.3 | 265.00 | 79.50 |
| Phaedra Xanthos | | | 11.8 | 195.00 | 2,301.00 |
| Phaedra Xanthos | | | 0.2 | 200.00 | 40.00 |
| Phaedra Xanthos | | | 22.7 | 210.00 | 4,767.00 |
| Kathy A. Foster | 20 | 25 | 1.1 | 240.00 | 264.00 |
| Kathy A. Foster | 20 | 25 | 3.1 | 250.00 | 775.00 |
| Kathy A. Foster | 20 | 25 | 0.3 | 265.00 | 79.50 |
| **Subtotals:** | | | **68.8** | | **$ 15,829.50** |

**Paraprofessionals:**
**Name:**

| | | | | | |
|---|---|---|---|---|---|
| Janice Murray | | | 0.4 | 75.00 | 30.00 |
| **Subtotals:** | | | **0.4** | | **$ 30.00** |
| **TOTALS:** | | | **69.2** | | **$ 15,859.50** |

**Total Hours by Professionals and Paraprofessionals:**  69.20

**"Blended" Hourly Rate:**  $ 229.18

**Total Professionals and Paraprofessionals Fees:**  $ 15,859.50

**EXHIBIT 1B**

**Summary of Professional And
Paraprofessional Time By
Activity Code Category**

**ACTIVITY CODE CATEGORY:  Accounting & Audit**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| John L. Heller | 1.2 | 290.00 | 348.00 |
| John L. Heller | 1.7 | 305.00 | 518.50 |
| **MATTER TOTALS:** | **2.9** | | **$ 866.50** |

**ACTIVITY CODE CATEGORY:  Analyze Assets & Liabilities**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| Phaedra Xanthos | 13.7 | 210.00 | 2,877.00 |
| **MATTER TOTALS:** | **13.7** | | **$ 2,877.00** |

**ACTIVITY CODE CATEGORY:  Case Administration**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| Lisa R. Owens | 1.0 | 125.00 | 125.00 |
| Phaedra Xanthos | 4.1 | 195.00 | 799.50 |
| Phaedra Xanthos | 0.2 | 200.00 | 40.00 |
| **MATTER TOTALS:** | **5.3** | | **$ 964.50** |

**ACTIVITY CODE CATEGORY:  Fee Applications**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| John L. Heller | 0.5 | 340.00 | 170.00 |
| Lupe Arce-Solorzano | 5.0 | 105.00 | 525.00 |
| **MATTER TOTALS:** | **5.5** | | **$ 695.00** |

**ACTIVITY CODE CATEGORY:  Litigation Consulting**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| John L. Heller | 6.0 | 290.00 | 1,740.00 |
| John L. Heller | 12.8 | 305.00 | 3,904.00 |
| Phaedra Xanthos | 4.3 | 195.00 | 838.50 |
| Phaedra Xanthos | 1.0 | 210.00 | 210.00 |
| **MATTER TOTALS:** | **24.1** | | **$ 6,692.50** |

**ACTIVITY CODE CATEGORY:  Preference & Fraudulent Transfer Analysis**

|  | Hours | Rate | Total Fee |
|---|---|---|---|
| **Professionals:** | | | |
| Phaedra Xanthos | 3.4 | 195.00 | 663.00 |
| Phaedra Xanthos | 8.0 | 210.00 | 1,680.00 |
| **MATTER TOTALS:** | **11.4** | | **$ 2,343.00** |

**ACTIVITY CODE CATEGORY:  Tax Issues**

**EXHIBIT 1B**

**Summary of Professional And
Paraprofessional Time By
Activity Code Category**

|  | **Hours** | **Rate** | **Total Fee** |
|---|---|---|---|
| **Professionals:** | | | |
| Cheryl A. Rawson | 0.3 | 265.00 | 79.50 |
| John L. Heller | 0.3 | 305.00 | 91.50 |
| Kathy A. Foster | 1.1 | 240.00 | 264.00 |
| Kathy A. Foster | 3.1 | 250.00 | 775.00 |
| Kathy A. Foster | 0.3 | 265.00 | 79.50 |
| Lisa Owens | 0.5 | 125.00 | 62.50 |
| Lisa Owens | 0.3 | 130.00 | 39.00 |
| **Paraprofessionals:** | | | |
| Janice Murray | 0.4 | 75.00 | 30.00 |
| **MATTER TOTALS:** | **6.3** | | **$ 1,421.00** |
| **TOTAL HOUR AND FEES** | **69.2** | | **$ 15,859.50** |

**EXHIBIT 2**

**Summary of Requested Reimbursement of Expenses
And Disbursements Prepared In Accordance With,
And Allowable Under The Guidelines For Fees And
Disbursements for Professionals**

| | |
|---|---|
| Administrative & Technology | 14.56 |
| **TOTAL GROSS AMOUNT OF REQUESTED DISBURSEMENTS:** | **$ 14.56** |

**EXHIBIT 3**

**The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.**

| Category | Staff | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| Accounting & Audit | Heller | 01/24/12 | 0.4 | 290.00 | 116.00 | Prepare for and discuss case status and needs with Trustee staff. |
| Accounting & Audit | Heller | 05/03/12 | 0.3 | 290.00 | 87.00 | Review case status with Trustee staff. |
| Accounting & Audit | Heller | 07/31/12 | 0.5 | 290.00 | 145.00 | Review and execution of financial document demand letter to Debtor principal drafted by Phaedra Xanthos. |
| Accounting & Audit | Heller | 09/12/12 | 0.4 | 305.00 | 122.00 | Prepare for and attend case status review with Trustee staff |
| Accounting & Audit | Heller | 11/15/12 | 1.3 | 305.00 | 396.50 | Review case status with Trustee. |
| | | | **2.9** | | **866.50** | |
| Analyze Assets & Liabilities | Xanthos | 09/18/12 | 8.0 | 210.00 | 1,680.00 | Reviewed new docs received, organized, captured bank statements and checks in matrix for doc request, began researching possible assets, reviewed check registers, converted Wachovia register to excel and analyzed expenses. |
| Analyze Assets & Liabilities | Xanthos | 09/19/12 | 5.7 | 210.00 | 1,197.00 | Created check register analysis for all 4 accounts provided, identified sums paid to related parties; performed background research on related parties to determine collectability; communicated findings to counsel. |
| | | | **13.7** | | **2,877.00** | |
| Case Administration | Owens | 09/22/11 | 1.0 | 125.00 | 125.00 | Begin index of bank statements in box of banking records received by P Xanthos |
| Case Administration | Xanthos | 09/22/11 | 2.1 | 195.00 | 409.50 | Drafted document request letters to Debtor and CPA downloaded necessary documents from PACER started staff on indexing of new documents organized documents received. |
| Case Administration | Xanthos | 09/23/11 | 2.0 | 195.00 | 390.00 | "Created index of bank statements and checks scanned onto network updated draft doc request letters to reflect additional statements and checks needed; mailed letters to CPA and Debtor." |
| Case Administration | Xanthos | 07/26/12 | 0.2 | 200.00 | 40.00 | Researched DP address and issued second letter with doc request. |
| | | | **5.3** | | **964.50** | |
| Fee Applications | Arce-Solorzano | 11/26/13 | 5.0 | 105.00 | 525.00 | Preparation of Final Fee Application and Exhibits thereto. |
| Fee Applications | Heller | 11/27/13 | 0.5 | 340.00 | 170.00 | Review Final Fee Application. |
| | | | **5.5** | | **695.00** | |
| Litigation Consulting | Xanthos | 09/21/11 | 4.3 | 195.00 | 838.50 | Listened to two 341 hearings reviewed documents received, generated draft doc request list, discussed case with John Heller. |
| Litigation Consulting | Heller | 10/04/11 | 3.6 | 290.00 | 1,044.00 | Review various Debtor docs for unscheduled assets and potential income tax refunds |
| Litigation Consulting | Heller | 12/19/11 | 1.2 | 290.00 | 348.00 | Continue to direct Phaedra Xanthos with search for undisclosed assets |
| Litigation Consulting | Heller | 08/08/12 | 0.9 | 290.00 | 261.00 | Follow-up with Trustee staff and Trustee Counsel regarding required docs for Chapter 5 investigation. |
| Litigation Consulting | Heller | 08/09/12 | 0.3 | 290.00 | 87.00 | Review Phaedra Xanthos correspondence to Trustee Counsel regarding needed docs for Chapter 5 investigation. Counsel |
| Litigation Consulting | Heller | 09/18/12 | 0.9 | 305.00 | 274.50 | Continue to review Debtor ion and analyses with Phaedra |

EXHIBIT 3

**The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.**

| Category | Timekeeper | Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| Litigation Consulting | Heller | 01/04/13 | 1.2 | 305.00 | 366.00 | Correspond with Counsel regarding meeting with Debtor in house Counsel and daughter of Debtor principal. |
| Litigation Consulting | Heller | 01/07/13 | 1.3 | 305.00 | 396.50 | Correspond with Trustee and Counsel regarding transfer target analysis and questions for Debtor principal 's daughter. |
| Litigation Consulting | Heller | 01/07/13 | 2.5 | 305.00 | 762.50 | With Phaedra review analyses prepared to date and sources thereof. |
| Litigation Consulting | Heller | 01/22/13 | 1.6 | 305.00 | 488.00 | Begin review of analysis and files for 1/23 meeting with Debtor. |
| Litigation Consulting | Heller | 01/23/13 | 0.6 | 305.00 | 183.00 | Draft email memo advising Trustee of findings during meeting with Debtor principal and daughter. |
| Litigation Consulting | Heller | 01/23/13 | 3.5 | 305.00 | 1,067.50 | Prepare for and meet with Debtor principal and daughter Yolanda Concepcion as well as Trustee Counsel and Phaedra Xanthos to review Debtor transactions. |
| Litigation Consulting | Xanthos | 01/25/13 | 1.0 | 210.00 | 210.00 | Spoke to debtor's CPA RE records, spoke to Gene S. RE site visit on filing, researched and summarized support for Great Eastern transfers. |
| Litigation Consulting | Heller | 02/25/13 | 1.2 | 305.00 | 366.00 | Review incoming Guarantee from Great Eastern Bank and advise Trustee regarding implications on adversary. |
| | | | **24.1** | | **6,692.50** | |
| Preference & Fraudulent Transfer Analysis | Xanthos | 12/19/11 | 3.4 | 195.00 | 663.00 | Reviewed all bank statements received for ten bank accounts to determine if NOL refund was deposited into business reviewed QB registers to determine if NOL refund was deposited into business contacted debtor's counsel to obtain her correct address. |
| Preference & Fraudulent Transfer Analysis | Xanthos | 11/13/12 | 4.0 | 210.00 | 840.00 | Review and analyze general ledger for preference and fraudulent transfers |
| Preference & Fraudulent Transfer Analysis | Xanthos | 01/07/13 | 1.0 | 210.00 | 210.00 | Reviewed work performed and assisted John Heller with follow-up to recent communications. |
| Preference & Fraudulent Transfer Analysis | Xanthos | 01/23/13 | 3.0 | 210.00 | 630.00 | Meeting with debtor, daughter of debtor , and counsel; follow-up to meeting. |
| | | | **11.4** | | **2,343.00** | |
| Tax Issues | Owens | 12/20/11 | 0.5 | 125.00 | 62.50 | Prepare Form 2848 POA for J. Heller. |
| Tax Issues | Foster | 01/27/12 | 0.4 | 240.00 | 96.00 | Bankruptcy - Tax Issues-pull data from Pacer and send to S:, briefly review S: data for tax return preparation, note on control |
| Tax Issues | Foster | 02/10/12 | 0.1 | 240.00 | 24.00 | Bankruptcy - Tax Issues--copy BEM Trustee Forms 1 & 2 to client directories, note on control |
| Tax Issues | Foster | 06/12/12 | 0.5 | 240.00 | 120.00 | Prepare extensions FYE 3/31/12. |
| Tax Issues | Foster | 06/21/12 | 0.1 | 240.00 | 24.00 | Note ext. date on control |
| Tax Issues | Foster | 11/06/12 | 0.6 | 250.00 | 150.00 | Review records and discuss tax preparation status w/JH |
| Tax Issues | Foster | 11/07/12 | 2.4 | 250.00 | 600.00 | Prepare FINAL 3/31/10 (2009) tax return and to CR for review |
| Tax Issues | Rawson | 11/08/12 | 0.3 | 265.00 | 79.50 | Prepare Payroll & Income Tax Return |
| Tax Issues | Owens | 11/27/12 | 0.3 | 130.00 | 39.00 | Review scanned workpaper files in GoFileRoom and move to client folder along with filed returns. |
| Tax Issues | Murray | 11/15/12 | 0.4 | 75.00 | 30.00 | Assembly 2009 1120, F-1120 Tax Returns- final 03.03.10 |
| Tax Issues | Foster | 03/19/13 | 0.1 | 250.00 | 25.00 | BEM monthly case review manager meeting (and preparation for) to discuss status of case(s) |
| Tax Issues | Heller | 03/19/13 | 0.3 | 305.00 | 91.50 | Meet with Trustee staff regarding case, litigation and tax status. |
| | Foster | 11/20/13 | 0.1 | 265.00 | 26.50 | BEM manager meeting - review status of client |

**EXHIBIT 3**

**The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.**

| | | | | | |
|---|---|---|---|---|---|
| | Foster | 11/20/13 | 0.2 | 265.00 | 53.00 | Review/save 11/20/13 Forms 1 & 2 and compare income with 3/31/10 NOL C/O; email to JH re: OK to prepare FINAL fee application (no further 1120 filings required) |
| | | | **6.3** | | **1,421.00** | |
| **Total Hours and Fees:** | | | **69.2** | | **15,859.50** | |
| Administrative & Technology | 10/10/11 | | 1.00 | | 1.52 | Pacer charges for September 2011 |
| Administrative & Technology | 11/28/11 | | 1.00 | | 0.48 | Pacer charges for November 2011 |
| Administrative & Technology | 03/19/12 | | 1.00 | | 1.60 | Pacer Charges for the month of December 2011 |
| Administrative & Technology | 04/12/12 | | 1.00 | | 10.96 | Pacer Service Center Inv#RA2320-Q12012 Jan 2012 |
| | | | | | 14.56 | |
| **TOTAL FEES AND EXPENSES:** | | | | | **15,874.06** | |

Case 11-15210-RAM    Doc 60    Filed 01/29/14    Page 16 of 16